**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**KENNETH G. GOODMAN,**

      **Plaintiff,**

**vs.**                                          **CASE NO. 1:08CV180-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on September 18, 2002, alleging a disability onset date of December 31, 1993, because of insulin dependent diabetes, low back pain, and borderline I.Q. and mood disorders.  Plaintiff's application was initially denied on February 13, 2003, and again on reconsideration, on April 17, 2003.  (R. 26-27; 28-

29).  Two hearings were then held before an administrative law judge, and a favorable

decision was entered on January 17, 2006.  The Appeals Council conducted an "own-

motion review" and remanded the claim to the ALJ on July 5, 2006, with specific

instructions for further review.  (R. 86-90).  After a third hearing, the ALJ entered a

decision on June 15, 2007, finding Plaintiff was not under any disability.  The appeals

counsel denied Plaintiff's request for review, thus making the June 15, 2007 decision of

the ALJ the final decision of the Commissioner.  This action followed.

**B.    FINDINGS OF THE ALJ**

The ALJ found that Plaintiff is not disabled within the meaning of the Act, and

therefore not eligible to receive SSI.  The ALJ found that Plaintiff suffered from insulin

depended diabetes and non-severe mental impairments.  The ALJ found that Plaintiff

did not have relevant past work experience, but could perform a full range of sedentary

work and using the Medical-Vocational Guidelines, he determined that Plaintiff could

perform other work available in the national economy.  Overall, the ALJ did not find

sufficient evidence to support a finding that the Plaintiff was disabled.

**C.    ISSUES PRESENTED**

Plaintiff argues:

1.      That the ALJ committed error by not calling a vocational expert as

        required by the Appeals Council remand order; and,

2.      The ALJ committed error by not including Plaintiff's mood disorder and

        borderline intellectual functioning in his step 2 severity analysis.

In response to the first issue, the Commission argues that the ALJ was not

required to consider testimony from a vocational expert on remand because the ALJ

**No. 1:08CV180-MMP/AK**

found that Plaintiff did not suffer from significant nonexertional limitations. Because the ALJ ruled on remand, that Plaintiff was capable of performing a wide range of sedentary work, the Commission reasons that testimony from a vocational expert was unnecessary.

With regards to the second issue, the Commission responds that the ALJ properly evaluated the medical severity of Plaintiff's mental impairments, and that the evidence did not demonstrate that Plaintiff was disabled according to the Act.

The issue thus presented is whether the ALJ erred in not considering testimony of a vocational expert on remand and whether the decision that Claimant is not disabled is supported by substantial evidence in the record.

D.   **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the

**No. 1:08CV180-MMP/AK**

evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86

F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence

supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624

(11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to

the Commissioner's findings, where there is substantially supportive evidence of the

Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d

227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the

Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v.

Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's

failure to apply correct legal standards or to provide the reviewing court with an

adequate basis for it to determine whether proper legal principles have been observed

requires reversal.  Id. (citations omitted).

        A disability is defined as an "inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To

qualify as a disability the physical or mental impairment must be so severe that claimant

is not only unable to do his previous work, "but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists

in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

**No. 1:08CV180-MMP/AK**

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1.    Is the individual currently engaged in substantial gainful activity?

2.    Does the individual have any severe impairment?

3.    Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.    Does the individual have any impairments which prevent past relevant work?

5.    Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:08CV180-MMP/AK**

E.    **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was born on November 22, 1968.  Plaintiff was diagnosed with diabetes in 1991. (R. 315).  Plaintiff has been treated and prescribed medication for the diabetes, however he does not always follow the instructed regimen.  (R. 227; 315; 331; 334; 344; 353).  When Plaintiff does take his medications as instructed, and follows dietary guidelines, his disability is manageable. (R. 214; 318; 331).

After a psychological evaluation in February of 2005, the evaluating psychologist concluded that Plaintiff has "mood problems" as a result of his diabetes.  (R. 408). Plaintiff reported to the psychologist that he had some anxiety when in crowds and that he was concerned that he was not more social.  (R. 407).  However, he also reported that he did not have any fears, had not suffered any trauma, did not experience hallucination, and did not have any compulsive or obsessive habits.  *Id.*  Plaintiff did mention that he had previously thought about suicide, but had never attempted it or made any plans to do so.  *Id.*  Plaintiff was previously prescribed anti-depressants which he stopped using on his own when he felt he had learned to manage his emotions and was dissatisfied with the medication's side effects.  (R. 351-52).

There is no record evidence of limited social or intellectual functioning due to limited intellectual capacity.  Plaintiff dropped out of high school in the eleventh grade, but did obtain his GED.  (R. 406).  There is no evidence that while in school Plaintiff attended special learning classes.  Plaintiff is able to communicate effectively and care for himself and his everyday personal needs. (R. 404; 407).

**No. 1:08CV180-MMP/AK**

With regards to Plaintiff's claim regarding his back pain, there is little medical evidence of what could be causing this issue. The record does not reflect that Plaintiff has ever been treated for his back pain. Neither an x-ray or an MRI of Plaintiff's spine indicated any sort of significant abnormality. (R. 389; 401).

## F.    SUMMARY OF THE ADMINISTRATIVE HEARING

A hearing was held before the ALJ, after remand by the Appeals Council, on May 3, 2007. Plaintiff was represented by counsel and testified on his own behalf. At the hearing Plaintiff was 38 years old. (R. 484). Plaintiff did not graduate from high school, but did receive his GED. (R. 485). Plaintiff previously worked for a security company for approximately six (6) months. (R. 486). This work entailed patrolling a four story building and watching security monitors. *Id.*

Plaintiff then worked part time at a car wash, also for about six (6) months. While working at the car wash, Plaintiff was responsible for washing the windows of the cars and vacuuming the inside. (R. 487-488). After working at the car wash, Plaintiff worked for two years at a grocery store that also served food. (R. 488). Plaintiff was responsible for stocking the store refrigerators with drinks and occasionally worked as a short order cook in the kitchen. *Id.* Plaintiff has not had any full or part time work since he filed his application for disability in September of 2002, although he testified that he did look for "light work." (R. 489).

Plaintiff testified that his diabetes impairs his ability to work. (R. 491-492). Plaintiff cannot sit or stand for long periods of time and suffers from fatigue. (R. 490-

**No. 1:08CV180-MMP/AK**

492).  He does not sleep consistently and does not leave his house much because he is "sleeping all of the time."  (R. 491-492).  Additionally, Plaintiff suffers from persistent back pain from kidney problems.  (R. 491).

Plaintiff also testified that he has trouble focusing and concentrating.  (R. 492-493).  He can only walk about one block without stopping, is no longer able to participate in mild activity, cannot sit for more than 45 minutes, and believes he could not lift more than 25 pounds.  (R. 493; 496; 497).

**G.    DISCUSSION**

Upon remand by the Appeals Council, the ALJ was directed to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base."  In the decision under current review, the ALJ did not obtain the testimony of a vocational expert as directed and Plaintiff claims that this is error warranting remand again.  Although the ALJ was specifically directed to obtain vocational expert evidence and did not address why he did not, his other findings, in the opinion of the undersigned, support his overall decision and does not warrant remand.  See Lubinski v. Sullivan, 952 F.2d 214, 216 (8th Cir. 1991); Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (error by ALJ will be held harmless if evidence is strong enough to support the outcome).    The decision of the Appeals Council was based on the previous ALJ's finding of severe non-exertional limitations of mood disorder and borderline IQ.  However, the ALJ in the current decision found **no** non -exertional limitations and adequately explained his reasoning.  (R. 18-19).  The

**No. 1:08CV180-MMP/AK**

Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  The term "significantly limit basic work skills" means that the limitations "prohibit a claimant from performing 'a *wide* range' of work at a given work level." Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004).   Nonexertional limitations affect a person's ability to meet the other demands of work and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.  Id., at 1242, n.11.

Thus, without non-exertional limitations it was unnecessary to obtain the testimony of a vocational expert.

Addressing Plaintiff's other argument, that the ALJ erred in not finding the mental issues to be severe, again the ALJ fully and adequately explained his decision.  Plaintiff was undergoing no mental health treatment for his mood disorder and declined medication for depression after less than a month because he was able to resolve his issues on his own.  Absence of treatment indicates that a mental impairment is not severe.  Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir. 1992).

The only evidence of borderline IQ testing was the report of Dr. Legum, which the ALJ found conflicting and unsupported by the record as a whole.  Plaintiff was never in special education classes, obtained a GED without reported difficulty, and had worked

**No. 1:08CV180-MMP/AK**

with the alleged impairment.  When a claimant has worked with an impairment over a period of years, the ALJ may properly consider the condition not disabling, absent a showing that the condition had significantly deteriorated.  <u>Orrick v. Sullivan</u>, 966 F.2d 368, 370 (8th Cir. 1992); <u>Browning v. Sullivan</u>, 958 F.2d 817, 821 (8th Cir. 1992).  There is no allegation from the Plaintiff that his intellectual functioning had worsened or otherwise interfered with his previous work efforts.  Further, as the ALJ noted, Dr. Legum attributed Plaintiff's mental limitations to his glucose levels, which were notably improved when he was compliant with his treatment regimen for diabetes.  (<u>See</u> R. 227; 315; 331; 334; 344; 353).

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 21st day of December, 2009.


<u>s/ A Kornblum</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**


**No. 1:08CV180-MMP/AK**